NOTICE

This slip opinion is subject to formal revision before it is published in an advance sheet of the Ohio Official Reports. Readers are requested to promptly notify the Reporter of Decisions, Supreme Court of Ohio, 65 South Front Street, Columbus, Ohio 43215, of any typographical or other formal errors in the opinion, in order that corrections may be made before the opinion is published.

SLIP OPINION NO. 2016-OHIO-866

IN RE APPLICATION OF VANDERHIDE.

**[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *In re Application of Vanderhide,* Slip Opinion No. 2016-Ohio-866.]**

*Attorneys—Application to register as a candidate for admission to the practice of law—Failure to appear for character-and-fitness hearing—Application denied; reapplication permitted.*

(No. 2015-1359—Submitted October 14, 2015—Decided March 10, 2016.)

ON REPORT by the Board of Commissioners on Character and Fitness of the Supreme Court, No. 618.

_____

**Per Curiam.**

{¶ 1} Applicant, Bradley Daniel Vanderhide, is a candidate for admission to the practice of law in Ohio. The Board of Commissioners on Character and Fitness recommends that we disapprove his application because he failed to appear for proceedings intended to assess his character, fitness, and moral qualifications to

practice law. On review, we adopt the board's recommendation to disapprove Vanderhide's application.

{¶ 2} Vanderhide initially applied to take the July 2014 bar examination. He sat for that exam but did not pass. He subsequently applied to take the February 2015 exam.

{¶ 3} When the board reviewed Vanderhide's application and the report of the National Conference of Bar Examiners ("NCBE"), it discovered that he had failed to disclose certain facts about his background, including a failed class in his final semester at Boston University and a period of probation for an in-dorm alcohol violation at Boston University. When asked about these omissions, Vanderhide stated that his lack of disclosure was an oversight.

{¶ 4} Of greater concern were two employment situations that Vanderhide failed to fully disclose. The first involved Vanderhide's work as a law clerk for Christian G. Montroy from June to October 2010. While Montroy did not technically terminate his employment, a dispute arose when Vanderhide failed to timely submit a memo that was assigned to him. Nine days after the memo was due, Montroy requested it and inquired whether Vanderhide had merely failed to timely submit the memo or whether he failed to timely complete the work. Copies of the e-mail exchange Montroy submitted to the NCBE show that Vanderhide claimed to have timely prepared but forgotten to send a timely e-mail with the completed memo. In a separate e-mail, Vanderhide claimed that a computer problem prevented him from providing metadata and other documentation that Montroy requested to evaluate the veracity of his explanation. The panel of the Board of Commissioners on Character and Fitness assigned to hear the case noted that those e-mails also call into question the veracity of Vanderhide's claim that he was unaware of any dispute regarding his work. Although Vanderhide obtained a law clerk position at another firm in June 2014, the board noted that that

employment appeared to have been terminated in September 2014 for deficient work product and untimely completion of projects.

{¶ 5} The panel could not further develop the record on these issues because Vanderhide failed to appear for his June 9, 2015 panel hearing. The panel report reflects that Vanderhide was aware of the hearing and that prior to adjourning the hearing, the panel attempted to contact him by phone, e-mail, and text message before adjourning. Therefore, the panel found that Vanderhide failed to cooperate in the investigation and recommended that his application be disapproved. The board adopted the panel's recommendation.

{¶ 6} Having reviewed the board's report and the record, we agree that Vanderhide has not demonstrated the requisite character, fitness, and moral qualifications under Gov.Bar R. I(11) to be admitted to the bar. His failure to appear for a hearing is sufficient grounds for disapproving his application. *See* Gov.Bar R. I(12)(C)(6) (failure to fully cooperate in the character-and-fitness investigation may be grounds for a recommendation of disapproval).

{¶ 7} We therefore accept the board's recommendation to disapprove Vanderhide's application. Vanderhide may reapply for admission to the practice of law in Ohio by (1) filing an Application to Register as a Candidate for Admission to the Practice of Law and an Application to Take the Bar Examination, and (2) upon reapplication, undergoing a complete character-and-fitness investigation, including an investigation and report by the National Conference of Bar Examiners, in order to determine whether he possesses the requisite character, fitness, and moral qualifications for admission to the practice of law in Ohio.

Judgment accordingly.

O'CONNOR, C.J., and PFEIFER, O'DONNELL, KENNEDY, FRENCH, and O'NEILL, JJ., concur.

LANZINGER, J., concurs in judgment only.

_____

Bradley Daniel Vanderhide, pro se.

Murray & Black, Ltd., L.P.A., and Michael D. Murray, for the Lake County Bar Association.

_____